UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARKOS GEORGE, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No.  SA-15-CV-943-XR |
| § | |
| GO FRAC, LLC, RICHARD CRAWFORD, § | |
| and G.F. CRAWFORD, § | |
| § | |
| *Defendants.* § | |

**ORDER**

On this date, the Court considered Defendant Richard Crawford's Motion for Summary Judgment (docket no. 10), Plaintiff Markos George's Response (docket no. 13), and Crawford's Reply (docket no. 16).  After careful consideration, the Court will DENY the motion as premature without prejudice to refiling at a later date.

**BACKGROUND**

Plaintiff Markos George was employed as an operator for Defendant GO FRAC, LLC ("GO FRAC") from May 2014 through October 2014 and March 2015 through June 2015. Docket no. 2 at 2.  He alleges that despite working in excess of forty hours each week he was employed by the company, he was never paid the overtime rate of 1.5 times his regular pay rate as is required by the Fair Labor Standards Act ("FLSA").  *Id.* at 6.  He maintains that he was improperly classified as exempt from overtime pay.  *Id.* at 7.

As a result, George filed a collective action on behalf of himself and all other operators employed by GO FRAC on October 30, 2015.  *See id.*  The suit names GO FRAC, G.F.

1

Crawford, and Richard Crawford as Defendants. *Id.* Defendant Richard Crawford is CEO of GO FRAC and a member of its Board of Directors. Crawford Decl. at 1.

On December 16, 2015, Crawford filed his Motion for Summary Judgment. Docket no. 10. George filed his Response on December 17, 2015 (docket no. 13) and Crawford filed his subsequent Reply on December 23, 2015 (docket no. 16). Crawford alleges in his motion that he is not an "employer" for the purposes of the FLSA and thus may not be held personally liable by George. Docket no. 13 at 7. It appears Defendants' counsel chose to file this motion in lieu of an answer—Crawford has not yet filed an Answer or Rule 12 motion in response to George's Complaint and the deadline for doing so was December 16, 2015. *See* docket no. 6. The Court has not yet entered a scheduling order in this case and has not yet conducted a Rule 16 pretrial conference.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a

nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. *Anderson*, 477 U.S. at 256.

## DISCUSSION

In his motion, Crawford requests that the Court grant summary judgment in his favor on all counts because he does not qualify as an "employer" for the purposes of the FLSA. Docket no. 10 at 7. He argues that he has no control over any of GO FRAC's employees other than the company's COO and CFO and has no control over the company's wage policies. *Id.* at 9. As a result, Crawford contends that as a matter of law, he does not meet any factor of the economic reality test—the balancing test used by courts to determine whether an individual is an "employer" who may be held individually liable under the FLSA. *Id.* at 12–15.

In response, George argues that summary judgment is premature at this time and seeks relief under Rule 56(d).[1] Docket no. 13 at 2. He points out that he has not yet been afforded an opportunity to conduct any discovery as to Crawford's job duties and involvement with GO FRAC. *Id.* In the alternative, George contends that there exist genuine issues of material fact as to Crawford's control over the organization and its employees. *Id.* at 3. While the Court will reach no decision about the substantive issue presented in the motion at this time, it agrees with George that the motion is premature.

---

[1] While the motion cites to Rule 56(f), it is apparent to the Court that Plaintiff's counsel was simply using the previous enumeration of Rule 56. Rule 56(d) now embodies former Rule 56(f).

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).  Motions under Rule 56(d) are "'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'"  *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

In other words, the nonmoving party must have had an opportunity to discover information necessary to its opposition to the summary judgment motion before summary judgment may be granted.  *See Anderson*, 477 U.S. at 250 n.5 ("This requirement in turn is qualified by Rule 56(f)'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."). This Court has previously held that "[a] grant of summary judgment is premature and improper when basic discovery has not been completed, particularly when the moving party has exclusive access to the evidence necessary to support the nonmoving party's claims." *Phongsavane v. Potter*, Civ. Ac. No. SA-05-CA-0219-XR, 2005 WL 1514091, at *5 (W.D. Tex. June 24, 2005) (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2741 at 412–19 (3d ed. 1998)).

To obtain relief under Rule 56(d), the nonmovant must demonstrate two things: "1) why he needs additional discovery, and 2) how the additional discovery will likely create a genuine issue of material fact." *Chenevert v. Springer*, 431 F. App'x 284, 287 (5th Cir. 2011) (citing

4

*Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999)).  However, a nonmovant is not entitled to any sort of continuance if it "fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery" and only provides "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (citing *Reese v. Anderson*, 926 F.2d 494, 499 n. 5 (5th Cir. 1991)) (internal quotation marks omitted).  Additionally, beyond the protections and requirements of Rule 56(d), in the Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature.  *See, e.g.*, *Gabarick v. Laurin Mar. (Am.), Inc.*, 406 F. App'x 883, 890 (5th Cir. 2010); *Sunbelt Sav., FSB Dall., Tex. v. Montross*, 923 F.2d 353, 358 (5th Cir. 1991).

In this case, Crawford moved for summary judgment on December 16, 2015—less than two months after the case was initiated.  *See* docket no. 10.  The Court has yet to issue a scheduling order or conduct an initial case management conference.  Additionally, the parties have not yet begun discovery—on the issue presented in the motion or any other.  *See* docket no. 13 at 2 ("The [parties] have yet to conduct any discovery.").  Granting summary judgment not just before discovery has been completed, but before it has even begun on this issue, would be premature.  *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 354 (5th Cir. 1989) ("'Summary judgment should not . . . ordinarily be granted before discovery has been completed.'") (citing *Alabama Farm Bureau Mutual Casualty Co., Inc. v. American Fidelity Life Insurance Co.*, 606 F.2d 602, 609 (5th Cir.1979), *cert. denied,* 449 U.S. 820 (1980)).

Furthermore, George's Response meets the two-part test laid out by the Fifth Circuit in *Stearns*.  *See Stearns*, 170 F.3d at 534 (holding that the nonmovant must show "1) why the [nonmovant] needs additional discovery and 2) how the additional discovery will likely create a

5

genuine issue of material fact"). George explains that since the parties have not yet begun discovery, he has no competent summary judgment evidence to indicate Crawford's involvement into the operations of GO FRAC and Crawford's job duties. Docket no. 13 at 4–6. He anticipates that discovery will either allow him to discover facts that indicate Crawford was in fact involved in the day-to-day operations of GO FRAC or will indicate that perhaps another corporate officer is an appropriate defendant. *Id.* at 6. A reasonable opportunity for discovery, such as the deposition of Crawford or other GO FRAC employees, would likely allow George to discover facts necessary for him to respond to Crawford's motion.

It should also be noted that Crawford and the other Defendants have exclusive access to any knowledge and information that would potentially support George's opposition to summary judgment on this issue. As an operator, George is not privy to evidence and knowledge of the corporation's officers' job duties. The Fifth Circuit has held protection under Rule 56(d) is appropriate in situations in which the moving party has exclusive possession of any evidence that would support the opposition. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991). If any potential evidence is within the control or possession of the movant and may perhaps support the case of the nonmovant, a Rule 56(d) motion should be granted. *Culwell v. City of Fort Worth,* 468 F.3d 868, 872 (5th Cir. 2006).

Crawford argues his motion is not premature because Rule 56(b) provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Docket no. 16 at 3 (citing Fed. R. Civ. P. 56(b)). However, the Supreme Court has made clear that the granting of summary judgment is limited until there has been "adequate time for discovery." *Celotex*, 477 U.S. at 322. Crawford also seems to contend that since the issue of

6

whether someone is an "employer" for purposes of the FLSA is a question of law, no discovery should be needed. Docket no. 16 at 3. However, this position neglects the reality that in examining the issue, the Court must make subsidiary findings of fact. *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1327 (5th Cir. 1985). The economic reality test is necessarily a fact-intensive inquiry that requires a court to examine the totality of the circumstances and closely evaluate the facts of a corporate officer's job functions. *See Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (conducting such an inquiry).

For these reasons, the Court holds that summary judgment in this case is premature and denies Crawford's motion at this time. It makes no determination as to the merits of the motion. The Court also notes that Crawford has not yet filed his Answer or a Rule 12 motion even though the deadline has passed. "There is no provision in the Federal Rules that permits a defendant to file a motion for summary judgment in lieu of an Answer." *See A&P Enterprises, LLC v. City of Gulfport*, Civ. Ac. No. 1:10-CV-473-LG-RHW, 2011 WL 282380, at *1 (S.D. Miss. Jan. 26, 2011). The Court will allow Crawford seven days to file an Answer or a Rule 12 motion.

## CONCLUSION

In light of the foregoing analysis, Defendant Richard Crawford's Motion for Summary Judgment (docket no. 10) is DENIED without prejudice to refiling as premature. Crawford may file a duplicate motion or new motion on the same issue at a later date that complies with any subsequent scheduling order issued by the Court once George has had an opportunity to conduct meaningful discovery on this issue.

Additionally, Crawford is ORDERED to file his Answer or a Rule 12 motion by January 14, 2016.

7

It is so ORDERED.

SIGNED this 7th day of January, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE