IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARKOS GEORGE, ET AL. §<br>    *Plaintiffs*, §<br>§<br>v. §<br>§   Civil Action No. 5:15-cv-943-XR<br>GO FRAC, LLC, ET AL. §<br>    *Defendants*. § | |

### ORDER

On this date, the Court considered Plaintiffs' motion for leave to file late consents to join (docket no. 83), and Plaintiffs' motion to certify class (docket no. 86).

### I.   Motion for Leave to file late consent notices

This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. Plaintiffs initially filed this suit seeking certification of a class of Operators. See Docket No. 2. An Agreed Order was entered certifying a class of Operators. See Docket No. 24. Pursuant to that Order, potential class members were required to file their opt-in forms within 60 days after the court-approved Notice was mailed.

On April 4, 2016, without leave of court or consent from the Defendants[1], Plaintiffs filed a First Amended Complaint. See Docket No. 81. In that purported pleading, Plaintiffs seek to add an additional class of individuals titled Supervisors, but who were allegedly improperly classified as such.

In their motion for leave to file late consents (Docket No. 83), Plaintiffs seeks to allow 11 individuals to join the class of Operators, despite the court deadline to file having expired.

---

[1] Defendants have filed answers to the amended complaint and have not opposed the filing. See Docket Nos. 88-90.

1

Defendants object to the late filing noting that Plaintiffs have failed to provide any evidence justifying the late filing.  Docket No. 85.

"Although the caselaw on this issue is wide-ranging, courts have generally decided the question by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA."  *Coronado v. D N.W. Houston, Inc.*, No. CIV.A. H-13-2179, 2014 WL 6674292, at *2 (S.D. Tex. Nov. 24, 2014) (citing numerous cases).

Plaintiffs fail to provide any "good cause" for the late submissions; however, Defendants fail to establish any prejudice.  The deadline has only recently passed.  Considering these factors and the remedial purposes of the FLSA, the Court grants Plaintiffs' motion.

## II.     Motion for Conditional Certification of "Supervisors"

As stated above, Plaintiffs seek an additional certification for a class of Supervisors.  On its face this request is overly broad and is DENIED.  When a plaintiff seeks certification to bring a collective action on behalf of others and asks the court to approve a notice to potential plaintiffs, the court has discretion to approve the collective action and facilitate notice to potential plaintiffs.  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).  The court also has discretion to modify the proposed class definition if it is overly broad. *See Heeg v. Adams Harris, Inc.*, 907 F.Supp.2d 856, 861 (S.D.Tex. 2012) ("A court also 'has the power to modify an FLSA collective action definition on its own' if the 'proposed class definition does not encompass only similarly situated employees.'").  In this case, however, the Court is unable to modify the proposed class.  Plaintiffs' request as written will encompass not only individuals titled as Supervisors working in the oil fields, but individuals working in administrative and

executive positions. Moreover, Plaintiffs offer no explanation as to why this class is needed and differs from the Operator class previously certified.

## Conclusion

Plaintiffs' motion for leave to file late consents to join (docket no. 83) is GRANTED. Plaintiffs' motion to certify a class of Supervisors (docket no. 86) is DENIED without prejudice.

SIGNED this 1st day of June, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE