**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| MARKOS GEORGE, ET AL. § | |
| *Plaintiffs*, § | |
| § | |
| v. § | |
| § | Civil Action No. 5:15-cv-943-XR |
| GO FRAC, LLC, ET AL. § | |
| *Defendants*. § | |

**ORDER**

On this date, the Court considered Plaintiffs' renewed motion for conditional certification (docket no. 96); Plaintiffs' motion for summary judgment regarding the individual liability of Frank Autry (docket no. 97); Defendant Richard Crawford's first amended motion for summary judgment (docket no. 98), and the parties' Joint Motion for Stay of Deadlines (docket no. 109).

**I.     Background**

This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. Plaintiffs initially filed this suit seeking certification of a class of Operators. See Docket No. 2. An Agreed Order was entered certifying a class of Operators. See Docket No. 24. Pursuant to that Order, potential class members were required to file their opt-in forms within 60 days after the court-approved Notice was mailed.

On April 4, 2016, without leave of court or consent from the Defendants[1], Plaintiffs filed a First Amended Complaint. See Docket No. 81. In that purported pleading, Plaintiffs sought to add an additional class of individuals titled Supervisors, but who were allegedly improperly classified as such. The Court denied the request to certify a class of supervisors because the request was overly broad. Plaintiffs' request as originally written would encompass not only

---

[1] Defendants have filed answers to the amended complaint and have not opposed the filing. See Docket Nos. 88-90.

individuals titled as Supervisors working in the oil fields, but individuals working in administrative and executive positions. Moreover, Plaintiffs offer no explanation as to why this class was needed and differed from the Operator class previously certified.

## II.     Plaintiffs' renewed motion for conditional certification (docket no. 96).

Plaintiffs now seek to certify an additional class of "All employees of Defendant who were employed as oilfield salaried Supervisors at any time after October 30, 2012." Plaintiffs have further explained how the Operator class and Supervisor class differ. No response has been filed to this motion. The motion is granted.

## III.    Summary Judgment Standard

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

## IV.    Plaintiffs' motion for summary judgment regarding the individual liability of Frank Autry (docket no. 97) and Defendant Richard Crawford's first amended motion for summary judgment (docket no. 98)

Plaintiffs seek to establish that Frank Autry is an employer for purposes of the FLSA because he exercised control over the Plaintiffs' daily activities, pay, and working hours. Autry was

2

Chief Operating Officer of Go Frac, LLC.  In support of their motion Plaintiffs cite heavily to the deposition testimony of Richard Crawford.

An employer under the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The term employer includes individuals with managerial responsibilities and "substantial control over the terms and conditions of the [employee's] work...." *Falk v. Brennan*, 414 U.S. 190, 194 (1973). If an individual with managerial responsibilities is deemed an employer under the FLSA, the individual may be jointly and severally liable for damages resulting from the failure to comply with the FLSA. *See Donovan v. Grim Hotel, Inc*., 747 F.2d 966, 972 (5th Cir. 1984).  "On the other hand, courts generally reject the belief that a low-level supervisor of other employees can be individually liable." *Rudy v. Consol. Rest. Companies, Inc*., No. 3:08-CV-0904-L BF, 2010 WL 3565418, at *5 (N.D. Tex. Aug. 18, 2010), *report and recommendation adopted*, No. 3:08-CV-0904-L, 2010 WL 3565422 (N.D. Tex. Sept. 3, 2010).

Richard Crawford argues that as a matter of law he was not the Defendants' employer as that term is defined under the FLSA.  Richard Crawford argues that he held a position in G.F. Crawford, LLC and the purpose of that entity was merely to serve as an investor in Go Frac, LLC and other businesses.  Richard Crawford argues he played no role in the active management of Go Frac, LLC and Frank Autry and others in the management team ran that company.

The Fifth Circuit uses the "economic reality" test to evaluate whether there is an employer/employee relationship. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). "In so doing, [courts must] adhere to the firmly-established guidon that the FLSA must be liberally construed to effectuate Congress' remedial intent." *Donovan v. Sabine Irrigation Co*., 695 F.2d 190, 194 (5th Cir. 1983) (citing *Donovan v. Janitorial Services, Inc.*, 672 F.2d 528 (5th Cir.

3

1982)). "To determine whether an individual or entity is an employer, the court considers whether the alleged employer: '(1) possessed the power to hire and fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate or method of payment; and (4) maintained employee records.'" *Gray*, 673 F.3d at 355 (quoting *Williams v. Henagan*, 595 F.3d 610, 615 (5th Cir. 2010)). "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Gray*, 673 F.3d at 357.

Autry first responds by stating that although he maintained a financial interest in the company, he stepped down as COO in September 2014. Accordingly, he appears to argue that for some of the time that damages are being sought he was not responsible for any operational control. Autry also argues that his primary duties were business development and managing customers, and that crew supervisors were responsible for determining employee work schedules. He denies that he set pay rates. He testified to a large corporate structure operating in various states, Latin America and Europe with a number of levels of managers, supervisors and a human resources department. The former Human Resources Supervisor testified by affidavit that at its height the company employed over 600 employees.

Opposing Richard Crawford's motion, Plaintiffs cite to Frank Autry's testimony that Richard Crawford and other members of the management team made the decision to pay equipment operators on an hourly basis. Further, Plaintiff argues that rather than acting as a passive investor, Richard Crawford took an active role in day-to-day management of the company. In addition, Plaintiffs have submitted affidavits from former Supervisors who state all pay policies were "centrally handled through Go Frac's headquarters and upper-level management." Finally, Plaintiffs proffer an organizational chart that shows Richard Crawford at the top of the chart as a

member of an Executive Committee and Plaintiffs tender an email written by Richard Crawford where he describes himself as CEO of the company.

To the extent that either Crawford or Autry argue that an individual corporate officer cannot be held liable under the FLSA for actions taken on behalf of the corporation and in a corporate capacity, their argument lacks merit.  "Many cases hold corporate officers individually liable under the FLSA for such actions."  *Solis v. Universal Project Mgmt., Inc.*, No. CIV.A. H-08-1517, 2009 WL 4043362, at *4 (S.D. Tex. Nov. 19, 2009) (citing numerous cases).  "Moreover, the Fifth Circuit has held that 'employer' status need not be based on actual acts of the officer or director; the mere 'power to act, on behalf of the corporation vis-a-vis employees' suffices." *Goetz v. Synthesys Techs., Inc.*, 286 F. Supp. 2d 796, 800 (W.D. Tex.  2003).  Further, "financial control over a corporation is a significant factor in making the 'employer' status determination." *Id*. at 801.

Richard Crawford's first amended motion for summary judgment is denied.  Genuine issues of material fact exist as to whether Richard Crawford was the de facto CEO of the company, and whether he took an active role in the management of the company, to include the setting of wages for the plaintiffs in this case.

Plaintiffs' motion for summary judgment regarding the individual liability of Frank Autry is denied.  Genuine issues of material fact exist as to whether Autry's duties only included business development and customer relations, or whether his duties extended to the setting of wages for employees in this case specifically or to the setting of wages generally.

## Conclusion

Plaintiffs' renewed motion for conditional certification (docket no. 96) is granted; Plaintiffs' motion for summary judgment regarding the individual liability of Frank Autry

5

(docket no. 97) is denied. Defendant Richard Crawford's first amended motion for summary judgment (docket no. 98) is denied. The parties' Joint Motion for Stay of Deadlines (docket no. 109) is dismissed as moot.

SIGNED this 3rd day of November, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE