UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARKOS GEORGE, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | § § § § § § § § § § § § | |
| *Plaintiff*, | | Civil Action No. SA-15-CV-943-XR |
| *v.* | | |
| GO FRAC, LLC, ET AL., | | |
| *Defendants.* | | |

## ORDER

On this date, the Court considered the status of the above captioned case. On September 19, 2017, Defendants filed an Opposed Motion to Amend the March 9, 2017, Scheduling Order. Docket no. 130. After careful consideration, the Court DENIES Defendants' Motion as to the deadlines requested. The Court hereby Orders the extension of certain scheduling order deadlines as explained below.

## BACKGROUND

In a March 8, 2017, Joint Motion to Extend Scheduling Order Deadlines, the parties sought an extension because they had "run into significant delays relating to location and processing time records and personnel files that have been requested in discovery and are relevant to the matter." Docket no. 128 at 1. The parties alleged Defendant Go Frac's "employment records were scattered and former employees with knowledge to assist in locating and interpreting the paper and electronic documents were difficult to locate." *Id.* at 2. Because of the size of allegedly relevant documents, the parties anticipated "it will take several months for Defendant to sort through the records for discovery purposes." *Id.*

On March 9, 2017, the Court granted the Motion and extended all pending deadlines, but explicitly stated in its Order that because of the age of the case and the length of the extensions, "no further continuances of the trial date will be granted exigent circumstances." Docket no. 129 at 1. Defendants' pending motion seeks to extend the Scheduling Order, including for the deadline to complete discovery and trial date, by between three to four months. Docket no. 130.

**ANALYSIS**

A scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b). When the Court analyzes good cause under Rule 16, it should consider four factors: (1) the movant's reasons for needing the extension of the deadline; (2) the importance of the extension; (3) potential prejudice in allowing the extension; and (4) the availability of a continuance to cure such prejudice. *S & W Enter., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Whether the movant has good cause under Rule 16 is within the discretion of the trial court. *Id.* at 535–36.

Defendants fail to show good cause for the Court to extend the Scheduling Order deadlines for the length Defendants seek. First, Defendants fail to convince the Court there is good reason to extend the deadlines by three to four months. Although Defendant states Go Frac's corporate records have been difficult to come by, and there are many documents to review, the Court has already once extended Scheduling Order deadlines for these same reasons. Second, although Defendants allege the remaining discovery is important, the Court finds the requested extension is not justified, particularly given that an extension has already been granted. Further, the roster of opt-in Plaintiffs was finalized more than seven months ago, but the parties did not begin discussing written discovery and depositions until late August. Finally, there is substantial potential prejudice given that this case has been pending for some time and the

extension Defendants seek will only serve to further delay disposition of this case. The Court does not find good cause to grant Defendants the requested extended deadlines, but it does extend certain deadlines to allow the parties sufficient time to proceed with the case.

Accordingly, the Court extends the deadlines for the completion of discovery until November 24, 2017, for the filing of the ADR report until December 1, 2017, and for the filing of pre-trial motions (including dispositive motions and Daubert motions) until December 7, 2017. All other deadlines will remain as set in the Amended Scheduling Order. Docket no. 129. Although the Court acknowledges that the parties claim certain discovery disputes remain, the parties should work to resolve these issues within the extended discovery deadline. To the extent that the parties are unable to resolve discovery disputes, they may file appropriate motions as necessary.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Amend the Scheduling Order is DENIED. The Court hereby extends the deadlines for the completion of discovery until November 24, 2017, for the filing of the ADR report until December 1, 2017, and for the filing of pre-trial motions (including dispositive motions and Daubert motions) until December 7, 2017. All other deadlines remain as set in the Amended Scheduling Order. Docket no. 129.

It is so ORDERED.

SIGNED this 2nd day of October, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE